

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-3-2005

# Tecchio v. USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2532

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation
"Tecchio v. USA" (2005). *2005 Decisions.* Paper 272.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/272

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-2532
_____

VINCENT GERARD TECCHIO,
Appellant

v.

UNITED STATES OF AMERICA;
LINDA MEOLA; MRS. E. YOUNG;
MR. RODRIGUES;
ANNETTE BRINKMEIER;
JOHN/JANE DOES NUMBERS 1-10
_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 03-cv-01529)
District Judge: Honorable Stanley R. Chesler
_____

Submitted Under Third Circuit LAR 34.1(a)
AUGUST 8, 2005

Before: ROTH, MCKEE AND ALDISERT, <u>Circuit Judges</u>.

(Filed November 3, 2005)

_____

OPINION
_____

PER CURIAM

Vincent Gerard Tecchio appeals from the order of the District Court granting the

Defendants' motion to dismiss and denying his motion for summary judgment. He also appeals from the denial of several post-judgment motions. For the reasons discussed below, we will affirm.

Tecchio's second amended complaint[1] alleges that several Internal Revenue Service ("IRS") employees exceeded their authority when they created a substitute 1040 tax return and then demanded payment for tax liability based thereon. Tecchio claims the IRS and its employees violated his Constitutional rights to due process, equal protection, and privacy and that he suffered emotional distress. He seeks to prohibit the IRS from using the "created records;" he also requests damages, including punitive damages.

The Defendants filed a motion to dismiss, which was granted by order entered on January 26, 2004. On February 5, 2004, Tecchio filed a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e). Shortly thereafter, he filed another post-judgment motion citing newly discovered evidence, which the District Court properly treated as filed pursuant to Fed. R. Civ. P. 60(b). Both motions were denied. Tecchio filed two motions seeking to alter or amend those orders; both motions were denied. Tecchio then filed this appeal.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We can affirm "a

---

[1] Tecchio's original complaint was filed in April 2003; he amended the complaint once as of right, prior to the filing of a responsive pleading. Shortly thereafter, the United States filed a motion to dismiss, which the District Court granted without prejudice to Tecchio's filing a second amended complaint. Tecchio filed the second amended complaint in October 2003.

result reached by the district court on different reasons, as long as the record supports the judgment." Guthrie v. Lady Jane Collieries, Inc., 722 F.2d 1141, 1145 n.1 (3d Cir. 1983) (citations omitted).

We first review the District Court's order granting the Defendants' motion to dismiss.[2] See Fed. R. App. P. 4(a)(4)(A). An order granting a motion to dismiss is subject to plenary review. See Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996). We will affirm a dismissal for failure to state a claim if we can "'say with assurance that under the allegations of the *pro se* complaint, which we hold to less stringent standards than formal pleadings drafted by lawyers, it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" McDowell v. Del. State Police, 88 F.3d 188, 189 (3d Cir. 1996) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).

Tecchio is seeking to enjoin the United States from using a substitute 1040 return to impose tax liability. The Anti-Injunction Act, 26 U.S.C. § 7421(a), states that with limited exceptions,[3] "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." The purpose of the Act is to permit the

---

[2] Tecchio's first post-judgment motion tolled the time to file a notice of appeal, because the motion was filed within the 10-day period prescribed by Rule 59(e). See Fed. R. App. P. 4(a)(4)(A)(iv).

[3] Tecchio does not allege that these exceptions apply.

3

government to assess and collect taxes it determines to be owed, without judicial intervention. See J.L. Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 7 (1962). Section 7421 applies not only the assessment and collection of the actual tax, but to activities relating to the assessment or collection of taxes. See Linn v. Chivatero, 714 F.2d 1278, 1282 (5th Cir. 1983). Tecchio claims that § 7421 does not apply because he was not seeking relief based on the tax assessment but on the use of a substitute return that was created without authorization. This, however, is a distinction without a difference. The use of the "created" return directly relates to the tax assessment and is certainly an activity that resulted in the imposition of the tax liability.

Tecchio also seeks to recover damages pursuant to 26 U.S.C. § 7433. He fails to allege any conduct that falls within § 7433(a); the Defendants were statutorily authorized, pursuant to 26 U.S.C. § 6020(b), to prepare a substitute return. Furthermore, § 7433(d) requires the taxpayer to exhaust administrative remedies before a judgment for damages can be awarded; Tecchio failed to provide any evidence that he exhausted these remedies.

We review an order denying a motion to alter or amend a judgment filed pursuant to Fed. R. Civ. P. 59(e) for abuse of discretion. Adams v. Gould Inc., 739 F.2d 858, 864 (3d Cir. 1984). The denial of a Rule 60(b) motion also is reviewed for abuse of discretion. Reform Party of Allegheny County v. Allegheny County Dept. of Elections, 174 F.3d 305, 311 (3d Cir. 1999).

Upon careful review of the record, we have concluded that the District Court did

4

not abuse its discretion in denying Tecchio's post-judgment motions.[4]   Tecchio failed to provide the District Court any basis for granting relief under the Rules of Civil Procedure.

For the foregoing reasons, we will affirm the District Court's orders granting the Defendants' motion to dismiss and denying Tecchio's motions for relief pursuant to Rules 59(e) and 60(b).

---

[4]   Tecchio filed four post-judgment motions in this matter.  The first motion, filed on February 5, 2004, was timely filed pursuant to Rule 59(e) and tolled the time to appeal the final order.  The second, filed on March 10, 2004, was properly treated as filed pursuant to Rule 60(b).  The third, filed on April 2, 2004, sought reconsideration of the order that denied the first motion; although the motion did not toll the time to appeal that order, see Turner v. Evers, 726 F.2d 112, 114 (3d Cir. 1984), the notice of appeal nevertheless was timely as to the order denying relief under Rule 59(e) because it was filed within sixty days after entry of that order.  The fourth, filed on April 8, 2004, was a timely motion to alter or amend the order that denied Rule 60(b) relief.