

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-2-2005

# Hazel v. Smith

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1564

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Hazel v. Smith" (2005). *2005 Decisions*. Paper 748.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/748

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CPS-263                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-1564
_____

BOBBY HAZEL,

Appellant

v.

JOSEPH SMITH, Warden

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 05-cv-00131)
District Judge: Honorable William W. Caldwell
_____

Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
June 3, 2005

BEFORE: ALITO, McKEE and AMBRO, <u>CIRCUIT JUDGES</u>

(Filed  August 2, 2005)

_____

OPINION
_____

PER CURIAM

        Bobby E. Hazel, pro se, appeals an order of the United States District Court for the

Middle District of Pennsylvania dismissing his habeas petition filed pursuant to 28 U.S.C.

§ 2241 for lack of jurisdiction. We will affirm.

In 1993, a federal jury found Hazel and a co-defendant guilty of first-degree murder and possession of a dangerous weapon by a prisoner for murdering a fellow inmate at Lorton Correctional Facility in Occoquan, Virginia. Hazel was sentenced to life imprisonment. He appealed, and the United States Court of Appeals for the Fourth Circuit affirmed his conviction and sentence, which he is now serving at the United States Penitentiary at Lewisburg, Pennsylvania. In 1997, Hazel filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. It was denied on the merits. Following the denial of that motion, Hazel has filed a series of applications to file a second or successive § 2255 motion, one of which was granted. The second § 2255 motion he was permitted to file, however, was denied.

In January 2005, Hazel filed the instant petition pursuant to § 2241. He claims that the District Court that adjudicated his first § 2255 motion summarily dismissed his motion without an evidentiary hearing or a full consideration of his claims and that his claims were not fully addressed in any of his attempts at collateral attack. He also claims actual innocence. The District Court dismissed Hazel's petition on the basis that § 2255 was not inadequate, and the court, therefore, lacked jurisdiction to consider Hazel's claims under § 2241. Hazel filed a motion for reconsideration, which the District Court denied. Hazel timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1291.

We agree with the District Court that Hazel is not entitled to bring his claims under

2

§ 2241. His claims of ineffective assistance of counsel and prosecutorial withholding of evidence place his petition squarely within the scope of § 2255. Section 2255 is not inadequate simply because AEDPA's gatekeeping restrictions prevent him from availing himself of it. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538-39 (3d Cir. 2002); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997).

Summary action is appropriate if there is no substantial question on appeal. See Third Circuit LAR 27.4. For essentially the reasons set forth by the District Court, we will summarily affirm the District Court's order dismissing Hazel's § 2241 petition. See Third Circuit I.O.P. 10.6.