

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-23-2006

# Hazel v. Smith

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1400

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Hazel v. Smith" (2006). *2006 Decisions*. Paper 843.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/843

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

HPS-77                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-1400

_____

BOBBY HAZEL,
                              Appellant
vs.

JOSEPH SMITH, Warden

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(Civ. No. 05-cv-00131)
District Judge: Honorable William W. Caldwell

_____

Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
June 2, 2006
BEFORE: SCIRICA, CHIEF JUDGE, WEIS and GARTH, CIRCUIT JUDGES

(Filed June 23, 2006)

_____

OPINION

_____

PER CURIAM.

        In 2005, Bobby Hazel filed a habeas corpus petition pursuant to 28 U.S.C. §

2241 in the United States District Court for the Middle District of Pennsylvania.  The

District Court dismissed Hazel's habeas petition for lack of jurisdiction and denied his

subsequent motion for reconsideration.  We affirmed the District Court's judgment of

1

dismissal. See Hazel v. Smith, No. 05-1564 (3d Cir. Aug. 2, 2005). Hazel then filed a series of post-judgment motions in the District Court, seeking review of the judgment of dismissal. In an order entered on January 20, 1006, the District Court denied two of these motions, titled "Motion Pursuant to Fed. R. Civ. P. Rule 60(b)(4) and (6) to Reopen Judgment..." (Document # 17, filed July 6, 2005) and "Motion for Clarification" (Document # 20, filed August 1, 2005). Hazel appeals from this order, proceeding pro se. Hazel was notified that his appeal would be considered for summary action, and he has filed a motion opposing summary action.

We have jurisdiction pursuant to 28 U.S.C. § 1291. After independently reviewing both the record and Hazel's summary action response, we find that Hazel's appeal presents no substantial question and will, therefore, summarily affirm the District Court's judgment. See Third Circuit LAR 27.4; I.O.P. 10.6.

We agree with the District Court's construction of Hazel's July 6, 2005, motion as a motion for reconsideration. Although it is titled as arising under Federal Rule of Civil Procedure 60(b) and includes assertions that the District Court's judgment was a "mistake" under Rule 60(b)(1) and "void" under Rule 60(b)(4), the motion primarily reiterates Hazel's arguments that § 2241 is an appropriate vehicle for his claims. As it raises no new arguments and its purpose is clearly to "relitigate the original issue," Hazel's motion is properly construed as a motion for reconsideration under Rule 59(e). See Smith v. Evans, 853 F.2d 155, 158-159 (3d Cir. 1988); Turner v. Evers, 726 F.2d

2

112, 114 (3d Cir. 1984) (the function of the motion, rather than the caption, dictates which Rule applies).  Notably, Hazel's motion identifies as its object the District Court's order denying his first motion for reconsideration (Document # 13).  The District Court appropriately denied this motion, as such motions for "re-reconsideration" are improper. See, e.g., Turner, 726 F.2d at 114.

Even if it were construed as arising under Rule 60(b), Hazel's motion would have been properly denied, because it presents no viable basis for Rule 60(b) relief. Contrary to his assertions that "exceptional circumstances" exist, Hazel's motion contains no arguments which could not have been raised on appeal, making Rule 60(b) inappropriate.  See Martinez-McBean v. Government of Virgin Islands, 562 F.2d 908, 911 (3d Cir. 1977).

Finally, we find no abuse of discretion in the denial of Hazel's "Motion for Clarification."  This "motion" appears to be an attempt to obtain information about a reference in docket entry # 18 to a deadline for filing an opposition brief.  Hazel requests "clarification to determine who is the party to file opposition to movant [sic] motion." See Document # 20.  Such a request is more properly made by writing to the Clerk of Court, rather than by filing a motion.

3