726 F.2d 112
 Joseph C. TURNER, Appellee,
v.
Charles EVERS, individually and as a police officer of the
City of Chester; John Curren, individually and as a police
officer of the City of Chester; Walter Loveland,
individually and as a police officer of the City of Chester;
Walter Birney, individually and as a police officer of the
City of Chester; Robert Fincher, individually and as a
police officer of the County of Delaware; Chief Edward
Lieby, individually and as Supervisor and Director of Safety
of Park Police of the County of Delaware; Donald Burke,
individually and as employee of the Bail Program of the
County of Delaware; Joseph A. Nacchio, individually and as
Supervisor and Administrator of the Bail Program of the
County of Delaware; Chief Hoops, individually and as Chief
of Police and Police Commissioner of the City of Chester;
John H. Nacrelli, individually and as Mayor of the City of
Chester; John Does, individually and as police officers of
the City of Chester; City of Chester, County of Delaware.
Appeal of EVERS, CURREN, LOVELAND, BIRNEY and the City of Chester.
 No. 83-1212.
 United States Court of Appeals,
Third Circuit.
 Submitted Under Third Circuit Rule 12(6)
 Dec. 16, 1983.
Decided Feb. 2, 1984.
 
 John J. Fonash, III, Steinberg & Girsh, P.C., Philadelphia, Pa., for appellants.
 Ronald G. Rubin, Philadelphia, Pa., for appellee.
 Before SEITZ, Chief Judge, and GARTH, and BECKER, Circuit Judges.
 OPINION OF THE COURT
 BECKER, Circuit Judge.
 
 
 1
 This appeal compels us to examine yet again the scope of the Supreme Court's recent holding in Griggs v. Provident Consumer Discount Co., --- U.S. ----, 103 S.Ct. 400, 74 L.Ed.2d 225 (1983), a case which, judged by the amount of time it has required federal appellate tribunals to divert to procedural minutiae, is one of the more significant decisions of the last several years.[1] Specifically, the question before the court is whether an appeal validly confers jurisdiction upon an appellate court if it is filed while the appellant has pending before the district court a motion to reconsider its earlier denial of the appellant's motion for a new trial. We hold that such an appeal is valid and, reaching the merits, affirm the judgment of the district court.
 
 
 2
 The chronology of post-trial proceedings is as follows. On February 23, 1983, the district court entered an order denying defendants' motion for a new trial under Fed.R.Civ.P. 59. On March 7, 1983, defendants filed a motion in the district court asking it to reconsider its denial of the new trial motion. On March 25, 1983, while this motion for reconsideration was pending, defendants filed an appeal from the denial of the new trial motion. Despite the pendency of this appeal, on April 20, 1983, the district court granted the motion for reconsideration, but then on May 20, 1983, reversed itself and entered an order vacating its April 20, 1983 order nunc pro tunc.[2]
 
 
 3
 If we treat defendants' motion for reconsideration as one of those motions that make a nullity of appeals taken until that motion is decided by the district court, then under the strict rule of Griggs we have no jurisdiction to determine the merits of this appeal. At least two factors counsel against so treating the defendants' appeal.
 
 
 4
 First, Griggs involved an interpretation of Fed.R.App.P. 4(a)(4), which states:
 
 
 5
 If a timely motion under the Federal Rules of Civil Procedure is filed in the district court by any party: (i) for judgment under Rule 50(b); (ii) under Rule 52(b) to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; (iii) under Rule 59 to alter or amend the judgment; or (iv) under Rule 59 for a new trial, the time for appeal for all such parties shall run from the entry of the order denying a new trial or granting or denying any other such motion. A notice of appeal filed before the disposition of any of the above motions shall have no effect.
 
 
 6
 A simple inspection of the above rule shows that motions for reconsideration such as the one in this case are not listed. But cf. infra typescript at 5 (noting that in The First Jersey National Bank v. Dome Petroleum, 723 F.2d 335 (3d Cir.1983) and Richerson v. Jones, 572 F.2d 89, 93 (3d Cir.1978), these factors were held not to be dispositive). Second, this court has, in the past, sharply differentiated in precisely this situation between motions by a party for reconsideration and the same party's underlying motion, the adverse disposition of which gave rise to the motion for reconsideration. In Kelly v. Pennsylvania Railroad Co., 228 F.2d 727, 729-30 (3d Cir.1955), we held unequivocally that "an application for reargument of a prior motion for a new trial is not to be regarded itself a motion for a new trial or even as a renewal of such a motion. It is simply a request that the court reconsider its action upon the original motion." We further stated, "the mere filing of an application of reargument of a motion for a new trial does not stop the running of the appeal period." Id. at 730; accord American Security Bank v. John Y. Hardison, Inc., 670 F.2d 317 (D.C.Cir.1982).
 
 
 7
 Our more recent holdings in The First Jersey National Bank v. Dome Petroleum, 723 F.2d 335 (3d Cir.1983), and Richerson v. Jones, 572 F.2d 89, 93 (3d Cir.1978), that "motions for reconsideration" are deemed to arise under Fed.R.Civ.P. 59(e) and hence are affected by Fed.R.App.P. 4(a)(4), are wholly in harmony with the earlier Kelly decision. The focus in all three cases (and in this case) is on the function of the motion, not its caption. In Dome Petroleum and Richerson, at the time the appeal was filed, the district court was reconsidering an original judgment or order for the first time. In Kelly and in this case, however, the district courts essentially had before them a motion for re -reconsideration when the appeal was filed; it had already disposed of the original "motion for reconsideration," in both cases one under Rule 59(a) for a new trial. In other words, Dome and Richerson were concerned with the first bite at the apple; this case is concerned with the second bite.
 
 
 8
 We recognize, of course, the imperfection of the "apple metaphor": it is often difficult to decide which judicial act constitutes the apple. Thus, we do not decide today that Rule 4(a)(4) does not apply to all motions that may fairly be thought of as those for re -reconsideration. But where, as here, a motion styled as one for reconsideration is made by the same party that lost an earlier motion covered by Rule 4(a)(4) and the factual and legal issues surrounding the earlier motion and the current motion are roughly similar, we see no good reason to allow such motions either to postpone the time for appeal or to destroy appeals filed during their pendency.
 
 
 9
 Since we see no reason to depart from our precedents and, in any event, are bound by Kelly, we hold that we have jurisdiction over the defendants' appeal.[3] Having carefully examined all the arguments made by counsel and the record of the proceeding below, we find no error. Accordingly, the judgment of the district court will be affirmed.
 
 
 
 [1]
 It is to be hoped that the Subcommittee on Appellate Rules of the Supreme Court Rules Committee, which is studying possible revisions of Fed.R.App.P. 4(a)(4), will speedily formulate amendments that may alleviate the problem
 
 
 [2]
 The district court ultimately denied the motion for reconsideration of its order denying the new trial motion apparently because it thought the former had not been timely filed. Although this determination by the district court is irrelevant to our disposition of this appeal, it is desirable, in the interest of complete analysis of this kind of case, to explain why the district court erred in this regard. If a motion to reconsider a denial of a new trial is subject to the same time limit as a motion for a new trial--a possible result under E.D.Pa.R. 20(g), even if somewhat doubtful in light of the balance of this opinion--then the defendants would have had to serve their motion not later than 10 days after entry of the denial of the new trial motion. Fed.R.Civ.P. 59(b). Under Fed.R.Civ.P. 6(a), which governs computation of time under the Federal Rules of Civil Procedure, the defendants would have had until the end of March 7, 1983, to serve their motion for reconsideration: the underlying order was entered on February 23; the first day for purposes of computation was February 24, Fed.R.Civ.P. 6(a); the tenth day would have been March 5, but because March 5, 1983, was a Saturday, the tenth day for purposes of Rule 59(b) was the following Monday, March 7, 1983. Fed.R.Civ.P. 6(a). Since the defendants in fact served their motion on March 7, they filed in timely fashion
 If, however, motions for reconsideration of an earlier denial of a new trial are classified, as they probably should be, as motions under Rule 60(b) for relief from an order, then defendants would have had "a reasonable time" in which to file their motion for reconsideration. Ten days, which is what the defendants took here, would certainly seem to be a reasonable time.
 
 
 [3]
 We need not decide today the issues of whether a district court has jurisdiction to grant a motion for reconsideration while an appeal is pending before this court and, if such jurisdiction exists, whether the district court can thereby extend the time for appeal and retroactively destroy appeals otherwise validly pending before the appellate court. Compare American Security Bank v. John Y. Hardison, Inc., 670 F.2d 317 (D.C.Cir.1982) (suggesting that district courts cannot so extend the time for appeal), with Kelly v. Pennsylvania Railroad Co., 228 F.2d 727 (3d Cir.1955) (holding that district courts can so extend the time for appeal, but issuing decision prior to Griggs )