

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-26-2006

# Kachikwu v. Kachikwu

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4497

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Kachikwu v. Kachikwu" (2006). *2006 Decisions.* Paper 294.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/294

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-4497
_____

ANTHONY A. KACHIKWU,

Appellant

v.

LYDIA KING KACHIKWU

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.N.J. Civ. No. 05-cv-2995)
District Judge: Dennis M. Cavanaugh

_____

Submitted Under Third Circuit LAR 34.1(a)
October 19, 2006

Before: SLOVITER, SMITH AND *VAN ANTWERPEN, <u>CIRCUIT JUDGES</u>

(Filed    October 26, 2006   )


_____


OPINION
_____




*Honorable Van Antwerpen assumed senior status on October 23, 2006.

PER CURIAM

Anthony Kachikwu appeals the dismissal of his pro se complaint and denial of his subsequent motions for reconsideration by the United States District Court for the District of New Jersey. For the reasons below, we will affirm the District Court's judgment.

On May 26, 2005, Anthony Kachikwu filed a pro se complaint against his wife, Lydia Kachikwu, stemming from a property dispute over a condominium located in Roxbury, Massachusetts. Anthony alleged that Lydia excluded him from part-ownership of the property and certain profits made from the property. On June 28, 2005, the District Court dismissed the complaint without prejudice, pursuant to Fed. R. Civ. P. 12(b)(2), due to a lack of personal jurisdiction over Lydia. Anthony filed a motion for reconsideration which the District Court denied on July 26, 2005. Anthony filed a second motion for reconsideration requesting a three-judge panel pursuant to 28 U.S.C. § 2284; the District Court denied the motion. Anthony then filed a third motion again asking for a three-judge panel pursuant to § 2284. The District Court denied the motion on September 26, 2005. Anthony filed a notice of appeal on October 3, 2005.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. Because the underlying issue solely involves a question of law, our standard of review is plenary. See O'Leary v. Liberty Mut. Ins. Co., 923 F.2d 1062, 1064-65 (3d Cir. 1991).

We note that Anthony's notice of appeal is timely only as to the order entered on

2

September 26, 2005. This is because his second and third motions for reconsideration did not toll the time for taking an appeal from the District Court's June 28, 2005, judgment. See Turner v. Evans, 726 F.2d 112, 114 (3d Cir. 1984); Bane v. Netlink, Inc., 925 F.2d 637, 639 n.1 (3d Cir. 1991); see also Fed. R. App. P. 4(a)(4). Accordingly, Anthony cannot obtain review of the original dismissal order or the denial of his first two motions for reconsideration.

The September 26 order denied Anthony's motion for a three-judge panel. Anthony waived this issue on appeal because he failed to make any arguments in his brief in support of a three-judge panel. See United States v. Pelullo, 399 F.3d 197, 222 (3d Cir. 2005). Further, there are simply no grounds for convening a three-judge panel under § 2284 in this case. Under § 2284, a three-judge panel may be convened only under limited circumstances, such as to preside over "action[s] ... challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body." 28 U.S.C. § 2284; see also Page v. Bartels, 248 F.3d 175, 181 (3d Cir. 2001).

Even if we were to liberally construe Anthony's third motion for reconsideration/motion for three-judge panel as including a personal jurisdiction argument, or even if we could somehow assert jurisdiction over the District Court's original dismissal, cf. Eberhart v. United States, 126 S. Ct. 403 (2005) (per curiam), his claim fails. For substantially the reasons given by the District Court, Anthony has not

3

shown that the parties have had any forum-related activities that fall within the minimum contacts framework of International Shoe Co. v. Washington, 326 U.S. 310 (1945), and its progeny.

Accordingly, we will affirm the judgment of the District Court.