

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-10-2007

# Fonseca v. Sherman

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4730

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Fonseca v. Sherman" (2007). *2007 Decisions*. Paper 792.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/792

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

ALD-285                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-4730
_____

BERALDO FONSECA,

Appellant

v.

JAMES SHERMAN, WARDEN, FCI MCKEAN

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 05-CV-00351)
District Judge: Honorable Sean J. McLaughlin
_____

Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
June 28, 2007

Before:  SLOVITER, CHAGARES AND GREENBERG, <u>CIRCUIT JUDGES</u>

(Filed   July 10, 2007  )

_____

OPINION
_____

PER CURIAM

    Beraldo Fonseca appeals from an order of the United States District Court for the

Western District of Pennsylvania, denying his motion for relief from judgment.  For the

reasons below, we will affirm the District Court's judgment.[1]

Fonseca was convicted in 1992 of conspiracy to possess and distribute cocaine in a federal court in Virginia. The United States Court of Appeals for the Fourth Circuit affirmed the conviction and sentence on direct appeal. The trial court denied on the merits Fonseca's motion pursuant to 28 U.S.C. § 2255. In January 2001, Fonseca filed an application with the United States Court of Appeals for the Fourth Circuit for permission to file a second or successive § 2255 motion attacking his conviction and sentence under the rule of Apprendi v. New Jersey, 530 U.S. 466 (2000). The Court of Appeals denied permission to file the § 2255 motion.

Subsequently, Fonseca filed two § 2241 habeas corpus petitions in the United States District Court for the Western District of Pennsylvania, his district of confinement. The District Court dismissed both petitions, agreeing with the Magistrate Judge that Fonseca could not show that his remedy by § 2255 motion was "inadequate or ineffective" such that he could bring his claims in a § 2241 petition. On appeal, we granted the government's motions for summary affirmance, finding that Fonseca's petitions were properly dismissed.

In November 2005, Fonseca filed another § 2241 petition, alleging that his

---

[1] Fonseca's notice of appeal references only the October 17, 2006 order. Following that order, Fonseca filed a motion for reconsideration, which was denied on October 25, 2006, before Fonseca filed his notice of appeal. Liberally construing his notice of appeal, we will assume that Fonseca wishes to appeal that order as well. As we find that the District Court properly denied Fonseca's motion for relief from judgment, we similarly affirm the denial of the motion for reconsideration of that order.

"indictment was constructively amended, allowing the jury to convict him of 13 (thirteen) uncharged offenses in violation of the Fifth and Sixth Amendments to the Constitution." The Magistrate Judge recommended dismissal of the § 2241 petition, concluding that Fonseca had not complied with the AEDPA gatekeeping requirements of 28 U.S.C. § 2244. By order entered January 4, 2006, the District Court adopted the Magistrate Judge's Report and dismissed the § 2241 petition.

On February 7, 2006, Fonseca then filed a mandamus petition in which he requested that we direct the District Court to "determine the merits of [his] claims," grant the habeas writ, or vacate the order dismissing his habeas petition. We construed his mandamus petition as a notice of appeal and affirmed the District Court's judgment, agreeing with the Magistrate Judge that Fonseca could not pursue collateral attack upon his conviction by way of a § 2241 petition unless he could show that "the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention," and that Fonseca's claim that his indictment was "constructively amended" was not properly raised in a § 2241 proceeding, as he could not show that his remedy by way of a second or successive § 2255 motion was "inadequate or ineffective." In a judgment entered May 31, 2006, we affirmed the District Court.

On October 13, 2006, Fonseca filed a document entitled "Motion for Relief from Judgment Pursuant to Fed. R. Civ. Proc., Rules 60(b)(3) and 60(b)(4)." Although it is titled as arising under Federal Rule of Civil Procedure 60(b) and includes assertions that

the District Court's judgment was based on "fraud" under Rule 60(b)(3) and was "void" under Rule 60(b)(4), the motion primarily reiterated Fonseca's arguments that § 2241 is an appropriate vehicle for his claims. As it raised no new arguments and its purpose was clearly to "relitigate the original issue," Fonseca's motion is properly construed as a motion for reconsideration under Rule 59(e). See Smith v. Evans, 853 F.2d 155, 158-159 (3d Cir. 1988); Turner v. Evers, 726 F.2d 112, 114 (3d Cir. 1984) (the function of the motion, rather than the caption, dictates which Rule applies). Since we have already previously held that Fonseca cannot use § 2241 to raise his claims, we clearly agree with the District Court's decision to deny Fonseca's motion for reconsideration.[2]

Even if it were construed as arising under Rule 60(b), Fonseca's motion would have been properly denied, because it presents no viable basis for Rule 60(b) relief. Fonseca's motion contains no arguments which could not have been raised on appeal, making Rule 60(b) inappropriate. See Martinez-McBean v. Government of Virgin Islands, 562 F.2d 908, 911 (3d Cir. 1977).

For the foregoing reasons, we will summarily affirm the judgment of the District Court.[3]

---

[2] The District Court also appropriately denied Fonseca's second motion for reconsideration, as such motions for "re-reconsideration" are improper. See, e.g., Turner, 726 F.2d at 114.

[3] Fonseca's motion for appointment of counsel is denied.