

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-15-2008

# Mayer v. Varner

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4004

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Mayer v. Varner" (2008). *2008 Decisions.* Paper 1221.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1221

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Nos. 05-4004 and 06-1432

TROI MAYER,
                    Appellant

v.

SUPERINTENDENT BEN VARNER, SCI Dallas; LT. SUTLIFF, Security Lieutenant at
SCI Dallas; CAPT. SCHOONOVER, Security Captain at SCI Dallas; KENNETH
BURNETT, Grievance Coordinator at SCI Dallas; KELLY A. GALLAGHER, Physician
Assistant at SCI Dallas; UNKNOWN SEARCH TEAM Officers at SCI Dallas;
UNKNOWN BLOCK OFFICERS F Block Correction Officers at SCI Dallas, all 3 shifts;
BONNIE MALLOY, Unit Manager at SCI Dallas; PATRICIA GINOCHETTI, Chief
Health Care Administrator at SCI Dallas; T. STACHELEK, Deputy Superintendent for
Facilities Management at SCI Dallas; THOMAS LAVAN, Deputy Superintendent for
Centralized Services at SCI Dallas; LT. POST, Area Lieutenant at SCI Dallas;
SUPERINTENDENT JEFFREY A. BEARD, Department of Corrections; THOMAS L.
JAMES, Special Assistant to the Secretary for the Department of Corrections; RANDY
SEARS, Deputy Chief Counsel for the Pennsylvania Department of Corrections;
MARTIN F. HORN, Secretary of Corrections for the Department of Corrections;
ROBERT S. BITNER, Chief Hearing Examiner of the Department of Corrections; CLIFF
O'HARA, Director of the Professional Responsibility for the Department of Corrections;
COMMONWEALTH OF PENNSYLVANIA; PENNSYLVANIA DEPARTMENT OF
CORRECTIONS; EDWARD G. RENDELL, Governor of Pennsylvania; *GERALD J.
PAPPERT, ATTORNEY GENERAL OF PENNSYLVANIA; LT. NOTIVINSKY, Office
of Professional Responsibility-DOC; SGT. ROBERT J. SMITH, Corrections Officer,
SCI-Dallas; JOHN FLAHERTY, Corrections Officer, SCI-Dallas; LOUIS SEWELL,
Corrections Officer, SCI-Dallas; GEORGE MIKO, Corrections Officer, SCI-Dallas;
ALFRED ROXBY, Corrections Officer, SCI-Dallas; JOSEPH OLSZKY, Corrections
Officer, SCI-Dallas; WILLIAM BOWDEN, Corrections Officer, SCI-Dallas
*Pursuant to F.R.A.P. 43(c)

On Appeal from the United States District Court
for the Middle District of Pennsylvania

(M.D. Pa. Civ. Action No. 01-cv-01762 )
District Judge: Honorable Sylvia H. Rambo
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 1, 2008
Before: SLOVITER, BARRY AND GREENBERG, Circuit Judges

(Opinion filed: May 15, 2008)
_____

OPINION
_____

PER CURIAM

Troi Mayer, a Pennsylvania prisoner proceeding pro se, appeals from a judgment of the United States District Court for the Middle District of Pennsylvania in favor of corrections officers in his civil rights action. We will affirm.

In his amended complaint, Mayer alleged that, while he was housed in the restricted housing unit, SCI-Dallas Corrections Officers William Bowden and Joseph Olszyk searched his cell, and destroyed and damaged his property, including legal papers related to his state post-conviction proceedings. Mayer averred that Officers Louis Sewell, Alfred Roxby, George Miko, and John Flaherty were present, and that Officer Robert Smith packed the contents of his cell.

Mayer further alleged that, after he filed a grievance concerning this incident, Kelly Gallagher, a physician's assistant, retaliated against him by calling him to the medical area, intentionally performing a surgical procedure on the wrong part of his body,

and falsely reporting that he exposed himself during the procedure. Mayer was placed in the restricted housing unit based on the exposure charge and remained there until he was transferred to another institution.

During pretrial proceedings, Mayer repeatedly wrote to the District Court, stating that prison officials were withholding his legal materials and preventing him from litigating his case. As a result, the District Court obtained counsel to represent him. Shortly before trial, Mayer, through counsel, agreed at a pretrial conference to dismiss his claims against Gallagher, Flaherty, and Smith. Mayer's case proceeded to a two-day jury trial on his claims against the remaining corrections officers. The District Court granted the corrections officers' motion for judgment as a matter of law on Mayer's claims that the officers denied him access to the courts by destroying his legal papers and violated his due process rights. The jury returned a verdict for the officers on Mayer's state law conversion claim. This appeal followed.[1]

---

[1] Mayer's appeal from the entry of judgment in favor of the corrections officers was docketed as C.A. No. 05-4004. Mayer filed another notice of appeal after the District Court denied his motion for a new trial; that appeal was docketed as C.A. No. 06-1432. Mayer's appeal at C.A. No. 06-1432 was terminated for failure to pay the filing fee, and then conditionally reopened and consolidated with C.A. No. 05-4004 pending our ruling on his motion to set aside the termination order. Although Mayer argues that his second notice of appeal was an amended notice of appeal in his appeal docketed at C.A. No. 05-4004, his December 19, 2005, motion for reconsideration did not toll the time to file an appeal from the District Court's November 28, 2005, order denying his motion for a new trial. Turner v. Evers, 726 F.2d 112, 114 (3d Cir. 1984). Thus, Mayer's January 23, 2006, notice of appeal was untimely as to the November 28, 2005, order, and did not constitute an amended notice of appeal. Accordingly, we will deny Mayer's motion to set aside the October 10, 2006, order terminating C.A. No. 06-1432.

3

Although Mayer asserts that he is challenging every order entered in the underlying proceedings, we will consider only the issues that Mayer has addressed in his brief. These issues fall into two categories – discovery violations and attorney misconduct. First, Mayer claims that the defendants failed to turn over documents during discovery. Mayer raised this issue in the District Court in motions to compel the production of documents. The record reflects that the District Court ordered Mayer to submit a list of documents that he maintained were not produced. The defendants responded to Mayer's submission, and the Magistrate Judge addressed each of Mayer's document requests and ordered the defendants to produce certain documents. Mayer appealed, and the District Court further ordered the defendants to provide Mayer copies of certain documents. Mayer has not shown that the District Court abused its discretion in its discovery rulings. Mayer only makes the unfounded allegation that the defendants misrepresented in their discovery responses that they did not have documents that he requested.

Mayer also argues that his court-appointed attorney, among other things, failed to prepare for trial, failed to adequately present his case to the jury, failed to properly question the witnesses, and forced him to dismiss his claims against Gallagher. The remedy in a civil case, in which chosen counsel is negligent, is an action for malpractice. Kushner v. Winterthur Swiss Ins. Co., 620 F.2d 404, 408 (3d Cir. 1980). To the extent that negligent representation by court-appointed counsel may provide grounds for a new

4

trial, Mayer has not shown that a new trial is warranted. We are unable to review Mayer's claim that counsel failed to adequately represent him at trial because Mayer has not arranged to have his trial transcribed. The record, however, does reflect that Mayer's decision to drop Gallagher from the case was knowing and voluntary, and that Mayer's counsel filed a pretrial memorandum, exhibit list, proposed voir dire, and points for charge in preparation for trial.

Mayer further argues that opposing counsel and his own attorney engaged in misconduct. Mayer contends that opposing counsel allowed the defendants to lie at trial, that opposing counsel and his attorney conspired to destroy his claims, and that his attorney worked with opposing counsel and had a conflict of interest. Mayer has offered no support for these allegations.

Finally, Mayer states in his brief that he appeals the dismissal of his claims before the jury got his case, presumably referring to the District Court's grant of judgment as a matter of law on his constitutional claims. Mayer has not adequately developed this issue for our review, and we do not reach it. Southwestern Pa. Growth Alliance v. Browner, 121 F.3d 106, 122 (3d Cir. 1997).

Accordingly, we shall affirm the judgment of the District Court. Mayer's outstanding motions are denied, including his motion to set aside the Clerk's order that terminated his appeal at C.A. No. 06-1432 for failure to pay the filing fees.