ALD-219                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1923
_____

BONDARY MCCALL,
                                        Appellant

v.

WARREN DAVID EBBERT

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 09-CV-01670)
District Judge:  Honorable William J. Nealon

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 10, 2010

Before:  SLOVITER, AMBRO and SMITH, Circuit Judges

(Opinion filed: June 21, 2010)
_____

OPINION
_____

PER CURIAM

        Bondary McCall appeals from an order of the United States District Court for the

Middle District of Pennsylvania, denying his motion for reconsideration of the dismissal

of his habeas petition.[1]  Because the appeal raises no substantial question, we will

summarily affirm the District Court's judgment.

McCall filed a habeas petition in federal court,[2] challenging his transfer to

Allenwood Correctional Facility due to an increase in his security level, and challenging

prison conditions, including, <u>inter alia</u>, overcrowding, inadequate medical care and

sanitation, access to courts, and access to recreation.  The Magistrate Judge assigned to

the case determined that his claims were not cognizable in a habeas case filed pursuant to

28 U.S.C. § 2241, as McCall was not challenging the fact or duration of his custody, and

was not challenging the execution of his sentence.  The Magistrate Judge recommended

that the petition be dismissed without prejudice to his filing a <u>Bivens</u> action.[3]

After considering responses from both parties, the District Court adopted the

Magistrate Judge's Report and Recommendation, dismissed the habeas petition without

prejudice and denied and dismissed various outstanding motions.  McCall filed a timely

motion for reconsideration  and later filed a document titled "Motion for status of motion

for reconsideration," which the District Court construed as a memorandum of law in

---

[1]    As noted below, we will liberally construe McCall's notice of appeal as
challenging also the dismissal of his habeas petition.

[2]    In a letter to this Court dated June 9, 2010, McCall states that he wishes "to
challenge the Clerk's office recharacterization of the Petition;" however, McCall titled
the petition as a habeas petition, and it was so docketed.

[3]    See <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403
U.S. 388 (1971).

2

support of his motion for reconsideration. In an order entered March 15, 2010, the District Court denied the motion for reconsideration. McCall filed a timely notice of appeal.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Pursuant to Rule 4(a)(4) of the Federal Rules of Appellate Procedure, where a timely motion to alter or amend the judgment is filed, the time to appeal runs from the entry of the order disposing of that motion. We have jurisdiction to consider the denial of McCall's motion to reopen, and also the dismissal of his habeas petition. MCI Telecommunications Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1092 (3d Cir. 1995) (proper to exercise appellate jurisdiction over orders not specified in notice of appeal if there is connection between specified and unspecified order, intention to appeal unspecified order is apparent and opposing party is not prejudiced). While the Notice of Appeal refers to the "March 15, 2010 A.D. order," which is the order denying McCall's motion for reconsideration, the notice characterizes the order as one "denying his habeas petition." There is a clear connection between the order denying McCall's motion to reopen and the one dismissing his habeas petition, and we find that McCall intended to appeal from both.[4] We exercise

---

[4]    As we are affirming both orders, the Appellees are not prejudiced by our liberal reading of the Notice of Appeal.
       We note that, in an April 2010 letter to this Court, McCall stated that the appeal might be premature, because a motion he filed after the Notice of Appeal asking for further reconsideration was still pending in the District Court. We hold that McCall's Notice of Appeal validly conferred jurisdiction upon this Court. Turner v. Evers, 726 F.2d 112, 113 (3d Cir. 1984).

3

plenary review over the District Court's legal conclusions. <u>Cradle v. United States</u>, 290 F.3d 536, 538 (3d Cir. 2002).

The District Court properly dismissed McCall's habeas petition and denied his motion for reconsideration. McCall conceded that he was not challenging his conviction and sentence,[5] but argued that his challenge to his prison transfer constituted a challenge to the execution of his sentence.[6] McCall cited <u>Woodall v. Federal Bureau of Prisons</u>, 432 F.3d 235 (3d Cir. 2005), as support for this contention. We agree with the District Court that <u>Woodall</u> does not support McCall's argument. In <u>Woodall</u> we held that a federal prisoner's challenge to the Bureau of Prison's decision regarding placement in a community correctional facility ("CCC") is a challenge to the execution of a sentence cognizable under § 2241. <u>Id.</u> at 243-44. However, in <u>Woodall</u> we noted the relatively lenient policies of a CCC, and noted that "community confinement is qualitatively different from confinement in a traditional prison." <u>Id.</u> at 243 (citing and quoting from <u>United States v. Latimer</u>, 991 F.2d 1509, 1513 (9th Cir. 1993). We stated that "placement

---

[5]    In his June 9, 2010 letter to this Court, McCall suggests for the first time that a "previous (DHO) resulted in the forfeiture of good time . . . ." We do not address this contention, as this Court "cannot consider material on appeal that is outside of the district court record." <u>In re Capital Cities/ABC, Inc.'s Application for Access to Sealed Transcripts</u>, 913 F.2d 89, 96 (3d Cir. 1990).

[6]    It also appears that McCall conceded that his prison condition claims, at least those involving access to the courts and an inadequate law library, were not properly brought in a habeas petition. <u>See</u> Motion for status of motion fo reconsideration, dkt. #41, at 2. In any event, we agree with the District Court's decision to dismiss his prison condition claims without prejudice to raising them in a <u>Bivens</u> action.

4

in a CCC represents more than a simple transfer . . . [and] crosses the line beyond a challenge to, for example, a garden variety prison transfer." Woodall, 432 F.3d at 243. In contrast, McCall's petition challenges his security classification (a condition of his confinement), and challenges the resulting transfer from one prison to another prison; claims appropriately brought in a Bivens action. See Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002) (where challenge is to condition of confinement such that finding in plaintiff's favor would not alter sentence or undo conviction, civil rights action is appropriate). The District Court properly dismissed the petition without prejudice, and, because his motion for reconsideration was simply an effort to relitigate his earlier arguments, the District Court properly denied the motion for reconsideration.

For the foregoing reasons, the District Court's judgment will be summarily affirmed.[7]

---

[7] The application by Appellee to transfer McCall pending appeal is dismissed as moot. Requests in McCall's June 9, 2010 letter to this Court not addressed above are dismissed as moot.