DLD-170                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1208
_____

UNITED STATES OF AMERICA

v.

DANIEL R. SIDDONS,
                                        Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2:07-cr-00717-001)
District Judge:  Honorable Paul S. Diamond

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 26, 2012
Before:  AMBRO, JORDAN and VANASKIE, Circuit Judges

(Opinion filed:  May 15, 2012)
_____

OPINION
_____

PER CURIAM

    On January 9, 2012, appellant Siddons—a federal prisoner currently incarcerated

at FCI Fort Dix in New Jersey—filed a document entitled "Motion for Clarification of the

Record" on his criminal docket in the United States District Court for the Eastern District

of Pennsylvania.  While emphasizing that he was "not asking for any adjustment or relief

from his judgment and conviction," Siddons demanded that the District Court clarify the factual bases of certain findings and rulings, such as its conclusions "as to the credibility and veracity of the testimony from" his former attorneys. Far from being a neutral filing with greater clarity as its sole aim, the motion obviously challenged the factual findings in question; moreover, it also requested relief that *would* imply the modification of Siddons's conviction and sentence, such as by adjustment to the restitution order.[1] The District Court denied the motion as frivolous, and Siddons timely appealed.

We have jurisdiction under 28 U.S.C. § 1291; and, as we agree with the District Court that the motion is frivolous, we will summarily affirm its order. Murray v. Bledsoe, 650 F.3d 246, 248 (3d Cir. 2011) (per curiam); see also 3d Cir. L.A.R. 27.4; I.O.P. 10.6. Siddons points to no law, rule, or procedure that would compel the District Court to make the "corrections" he seeks. Indeed, focusing on "the function of the motion, [and] not its caption," Turner v. Evers, 726 F.2d 112, 114 (3d Cir. 1984), it is clear that Siddons was attempting, in a circuitoust fashion, to challenge his conviction or sentence. He continues to do so on appeal, arguing that the District Court "ignore[d] salient facts which would otherwise prove favorable" to him, and describing the adverse factual findings made as "[s]imply . . . wrong." The obvious time to raise these arguments, of course, was on direct appeal. See United States v. Siddons, 660 F.3d 699, 709 (3d Cir. 2011) (affirming the judgment of sentence). Siddons may otherwise bring his challenge through a permissible form of collateral attack, such as a motion to vacate

---

[1] E.g., "because this Court ignored salient facts by choosing expediency and cronyism over being thorough, it utterly failed in its obligation to provide all those adversely

under 28 U.S.C. § 2255.  But he is in no position to demand that the District Court explain aspects of its ruling—many of which it has already clarified at great length, <u>see</u> <u>United States v. Siddons</u>, Criminal No. 07-717, 2009 U.S. Dist. LEXIS 115193, at *8–21 (E.D. Pa. Dec. 10, 2009)—under the otherwise-innocuous label of "clarification."

In sum, and for the foregoing reasons, we will summarily affirm the order of the District Court.

---

affected in this case with equal legal recourse . . . ."