DLD-211                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4330
_____

ELLEN ANNETTE GILBOY,
                              Appellant

v.

ROBERT J. MELLOW,
Former State Senator

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 12-cv-01237)
District Judge:  Honorable Christopher C. Conner
_____

Submitted for Possible Dismissal due to Jurisdictional Defect or
Pursuant to 28 U.S.C. § 1915(e)(2)(B), for Leave to Proceed In Forma Pauperis,
and for Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 25, 2013
Before:  AMBRO, SMITH and CHAGARES, Circuit Judges

(Opinion filed: June 5, 2013)
_____

OPINION
_____

PER CURIAM

    Ellen Gilboy appeals from the denial of her motion for reconsideration in the United

States District Court for the Middle District of Pennsylvania.  We have jurisdiction under 28

U.S.C. § 1291,[1] and conduct an abuse-of-discretion review of the denial of a post-judgment motion for reconsideration. Long v. Atlantic City Police Dep't, 670 F.3d 436, 447-48 (3d Cir. 2012).[2]

The District Court, adopting the Report and Recommendation of the assigned Magistrate Judge, dismissed Gilboy's complaint as frivolous and for failure to state a claim. The Court noted that Gilboy's complaint "makes a number of wide-ranging, seemingly unconnected, largely speculative, and frequently incredible allegations involving events and incidents that are alleged to have occurred as far back as 34 years ago." R&R, dkt. #4 at 8-9. The Court concluded that Gilboy had "not articulated any civil rights cause of action," and that the "lawsuit is frivolous and provides no basis upon which relief could be granted in federal court," and that leave to amend would be futile. Id. at 15-16.

Gilboy then filed a document titled "Motion for Reconsideration," which contained no further text. The District Court denied the motion for failure to file a brief, and because the matter was frivolous. Gilboy then filed a second motion for reconsideration, this time, with a brief. The brief, however, contained rambling text that appeared to relate only loosely, if at all, to the narrative of the initial complaint. As Gilboy did not present any grounds for reconsideration, the District Court did not abuse its discretion in denying the motion.

[1] Gilboy's notice of appeal refers only to the November 6, 2012 order that denied her second motion for reconsideration. The appeal of that order is timely. To the extent Gilboy seeks review of the order denying her first motion for reconsideration, and/or the order dismissing her complaint as frivolous, we lack jurisdiction. A sequential motion for reconsideration ("a motion for re-reconsideration") is not one of the types of motions listed in Rule 4(a)(4) of the Federal Civil Rules of Procedure that would toll the time to appeal from the initial judgment, see Turner v. Evers, 726 F.2d 112, 114 (3d Cir. 1984), and the notice of appeal was not filed within 30 days of either the initial order or the order denying her first motion for reconsideration. See Fed. R. App. P. 4(a)(1).

[2] Gilboy's motion to proceed in forma pauperis is granted.

Similarly, as we discern no grounds for this appeal, we will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).