**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1200
_____

AMRO ELANSARI,
                                        Appellant

v.

THE COMMONWEALTH OF PENNSYLVANIA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-20-cv-06189)
District Judge:  Honorable Joel H. Slomsky

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 17, 2021
Before:  KRAUSE, BIBAS and SCIRICA, Circuit Judges

(Opinion filed: January 6, 2022)
_____

OPINION[*]
_____

PER CURIAM

     Before the Court is an appeal from pro se appellant Amro Elansari, who brought

suit seeking a writ of mandamus to compel the Commonwealth of Pennsylvania to

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

legalize marijuana and expunge his criminal records. After the District Court dismissed the suit as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), Appellant filed four motions for reconsideration, all of which were denied. For the reasons that follow, we will affirm.

## II.

Appellant, proceeding in forma pauperis, initiated this action under 28 U.S.C. § 1361 on December 7, 2020. On December 11, 2020, the District Court screened the petition under 28 U.S.C. § 1915(e)(2)(B)(i) and dismissed it as frivolous. The District Court noted that it lacked authority to grant mandamus relief against the Commonwealth and observed that it had recently dismissed a nearly identical lawsuit filed by Appellant.

On December 11, 2020, Appellant filed a motion for reconsideration and a motion to file an amended complaint that converted his mandamus petition into an action under 42 U.S.C. § 1983. On December 14, 2020, the District Court denied both motions and again observed that it had recently dismissed a lawsuit filed by Appellant on these grounds. Appellant filed a second motion to reconsider on December 14, 2020. The District Court denied this motion on January 11, 2021.

Appellant filed a third motion to reconsider on January 12, 2021. The District Court denied the motion on January 28, 2021. The District Court also noted that Appellant should file a response to show cause as to why a filing injunction should not issue that would prohibit Appellant from filing any further documents besides a notice of appeal.

Appellant filed his response to the filing injunction notice and a fourth motion to reconsider on January 29, 2021. The District Court denied the motion as untimely and enjoined Appellant from further filings in the District Court other than a notice of appeal.

On February 1, 2021, Appellant filed a notice of appeal. In this Court, Appellant has filed a brief and a motion for injunctive relief against the Commonwealth.

III.

We first consider our jurisdiction. In addition to challenging the orders denying the denial of his motions for reconsideration, Appellant appears to seek appellate review of the December 11, 2020 order dismissing his case as frivolous. Because Appellant's First Motion of Reconsideration was timely filed, he had 30 days from the December 14, 2020, order denying the motion to timely appeal. See Fed. R. App. P. 4(a)(4)(A)(iv). However, Appellant did not file his notice of appeal within 30 days of that order. Instead, he filed several additional motions for reconsideration, which did not further toll the time to file a notice of appeal from the order dismissing the complaint. See Turner v. Evers, 726 F.2d 112, 114 (3d Cir. 1984) (successive motions for reconsideration do not toll the time to appeal). Accordingly, we lack jurisdiction over the December 11, 2020 judgment because Appellant's February 1, 2021 notice of appeal was untimely as to that decision. Appellant's notice was also untimely as to the District Court's December 14, 2020 order denying his first motion for reconsideration.

We do have jurisdiction, however, over the orders denying Appellant's second, third, and fourth motions for reconsideration. See Long v. Atl. City Police Dep't, 670

3

F.3d 436, 446 n.19 (3d Cir. 2012) (stating that this Court has "jurisdiction to review a timely appealed order disposing of an untimely motion for reconsideration"). We review the denial of a reconsideration motion for an abuse of discretion. See Budget Blinds, Inc. v. White, 536 F.3d 244, 251 (3d Cir. 2008); Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999); see also Long, 670 F.3d at 446 ("[O]ur review of the order denying reconsideration is subject to a more deferential and circumscribed standard of review than would apply if we also were to have jurisdiction to consider the underlying dismissal order[.]"). "To demonstrate an abuse of discretion, [an appellant] must show that the District Court's decision was arbitrary, fanciful or clearly unreasonable." Hart v. Elec. Arts, Inc., 717 F.3d 141, 148 (3d Cir. 2013) (quoting Moyer v. United Dominion Indus., Inc., 473 F.3d 532, 542 (3d Cir. 2007)). We construe Appellant's pro se filings liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

IV.

The District Court properly denied Appellant's motions to reconsider. As the court below explained, the Commonwealth of Pennsylvania is immune from suit under the Eleventh Amendment and has not waived that immunity. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 65-66 (1989); 42 Pa. Cons. Stat. § 8521(b). Appellant was not able to proceed under Ex parte Young, 209 U.S. 123 (1908), both because he named the Commonwealth as the only defendant and because the relief sought, invalidating components of Pennsylvania's criminal code, meant that the Commonwealth was the "real, substantial party in interest." Waterfront Comm'n of New York Harbor v.

4

Governor of N.J., 961 F.3d 234, 239 (3d Cir. 2020). To the extent that Appellant argues the District Court improperly denied his motion to reconsider his mandamus petition pursuant to 28 U.S.C. § 1361, the District Court properly concluded that such a remedy was not available. Appellant sought to compel the Commonwealth of Pennsylvania but § 1361 is limited to actions "to compel an officer or employee of the United States or any agency thereof" and the Commonwealth does not fall into either category. Id.; see Stafford v. Briggs, 444 U.S. 527, 535–36 (1980); In re Wolenski, 324 F.2d 309, 309 (3d Cir. 1963) (district court lacked jurisdiction "to issue a writ of mandamus compelling action by a state official.").

Finally, the District Court did not err in affirming the imposition of a filing injunction that prohibited Appellant from future filings in the present case. See Abdul–Akbar v. Watson, 901 F.2d 329, 331 (3d Cir. 1990). As the District Court explained, Appellant has filed several meritless lawsuits that were in all respects identical to the issues raised in the present case. Although a filing injunction is an extreme measure, it was appropriate here, given Appellant's repeated filings. See In re Packer Ave. Assocs., 884 F.2d 745, 747 (3d Cir. 1989). Moreover, the injunctions comported with due process; Appellant was put on notice by the District Court's determination that an injunction was being considered and was provided an opportunity to respond, see Schlaifer Nance & Co. v. Estate of Warhol, 194 F.3d 323, 334 (2d Cir. 1999) (holding that a motion describing the sanctionable conduct and the source of authority for the

sanction provided notice), and the Court narrowly tailored the injunction to fit the circumstances of this case. See Brow v. Farrelly, 994 F.2d 1027, 1038 (3d Cir. 1993).

Accordingly, we will affirm the judgment of the District Court. Appellant's motion for an injunction is denied. See Fed. R. App. P. 8(a).