**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 21-2614 & 22-2168
_____

DANIEL PATRICK SHEEHAN,
                                    Appellant

v.

WARDEN ALLENWOOD FCI LOW
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. No. 1:21-cv-01147)
District Judge: Honorable Christopher C. Conner
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
on September 8, 2022

Before: AMBRO, SHWARTZ, and BIBAS, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 21, 2022)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Daniel Patrick Sheehan, a federal prisoner proceeding pro se, appeals orders of the United States District Court for the Middle District of Pennsylvania dismissing his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and denying his post-judgment motions. We will affirm the judgments of the District Court.

Sheehan was convicted in the United States District Court for the Eastern District of New York of extortion in violation of 18 U.S.C. § 1951, and use of a destructive device to commit extortion in violation of 18 U.S.C. § 924(c)(1)(B)(ii). He was sentenced to 30 years in prison for the latter charge, which would run consecutively to a one-month sentence for extortion. The United States Court of Appeals for the Second Circuit affirmed. United States v. Sheehan, 838 F.3d 109, 113 (2d Cir. 2016).

Sheehan filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255 in the Eastern District of New York. The District Court denied relief in 2018. In 2021, the District Court denied Sheehan's motion for relief from the judgment pursuant to Federal Rule of Civil Procedure 60(b), and the Second Circuit Court of Appeals denied his request for a certificate of appealability. See generally United States v. Sheehan, E.D.N.Y. Crim. No. 2:13-cr-00186.

Meanwhile, Sheehan filed a habeas petition in the Middle District of Pennsylvania pursuant to 28 U.S.C. § 2241 challenging his conviction. The District Court dismissed the petition for lack of jurisdiction and we affirmed. Sheehan v. Warden Allenwood FCI, 800 F. App'x 84, 86 (3d Cir. 2020) (per curiam) (non-precedential). We also affirmed the District Court's denial of Sheehan's motion for relief pursuant to Rule 60(b).

2

Sheehan v. Warden Allenwood FCI, 849 F. App'x 336, 338 (3d Cir. 2021) (per curiam) (non-precedential).

Undeterred, Sheehan filed another habeas petition in the Middle District of Pennsylvania pursuant to 28 U.S.C. § 2241 challenging his conviction. On July 30, 2021, the District Court dismissed the petition for lack of jurisdiction. Thereafter, the District Court denied Sheehan's motion for relief pursuant to Rule 60(b). And, on June 9, 2022, the District Court denied Sheehan's motion for reconsideration. Sheehan appeals both the dismissal order and the denial of his motion to reconsider the denial of his Rule 60(b) motion.[1]

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's legal conclusion that it lacked jurisdiction. Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). We review the denial of a motion for reconsideration for abuse of discretion. Long v. Atlantic City Police Dep't, 670 F.3d 436, 446 (3d Cir. 2012).

As recognized by the District Court, "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences" on constitutional grounds. Okereke v. United States, 307 F.3d 117, 120 (3d Cir.

---

[1] Sheehan's appeal of the July 30, 2021, dismissal order was docketed in C.A. No. 21-2614. The appeal was dismissed for failure to prosecute. We grant Sheehan's motions to reopen this appeal and to proceed in forma pauperis. Sheehan's appeal of the June 9, 2022, order denying Sheehan's motion for reconsideration is docketed in C.A. No. 22-2168. Our jurisdiction does not encompass the denial of Sheehan's Rule 60(b) motion as his notice of appeal was not timely as to that ruling. See Turner v. Evers, 726 F.2d 112, 114 (3d Cir. 1984).

2002). Although a prisoner may challenge a conviction pursuant to § 2241 where a § 2255 motion would be "inadequate or ineffective," a § 2255 motion is inadequate or ineffective "only if the petitioner can show that a limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Id.; see also In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997) (holding § 2255 is inadequate or ineffective in the unusual case where a prisoner had no earlier opportunity to challenge his conviction for a crime that an intervening change in law may negate).

Sheehan contends that a § 2255 motion is inadequate or ineffective because the sentencing court erred in denying his § 2255 motion. This argument lacks merit. Section 2255 is not inadequate or ineffective because a sentencing court does not grant relief. Cradle, 290 F.3d at 539. To the extent Sheehan contends that the Second Circuit Court of Appeals would not grant him leave to file a second or successive § 2255 motion, that too does not render § 2255 inadequate or ineffective. See id. The District Court did not err in dismissing Sheehan's habeas petition.

The District Court also did not abuse its discretion in denying Sheehan's motion to reconsider the denial of his motion for relief under Rule 60(b). We disagree with the District Court to the extent it construed the motion as a second Rule 60(b) motion, but we agree that no relief was due. Sheehan argued that the District Court did not consider his contention that the dismissal of his § 2241 petition, which asserted that the sentencing court failed to address claims raised in his § 2255 proceeding, conflicts with our decision in Okereke. Sheehan, however, has shown no conflict between Okereke and the District

4

Court's ruling that his allegations of sentencing court error do not render § 2255 inadequate or ineffective.  See also Cradle, 290 F.3d at 538 (explaining that it is the inefficacy of the remedy that renders § 2255 inadequate).

Accordingly, because these appeals do not raise a substantial question, we will affirm the judgments of the District Court.  See 3rd Cir. LAR 27.4 and I.O.P. 10.6.