BLD-110                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-3107
_____

ROLAND C. ANDERSON,
                                        Appellant

v.

GENERAL MOTORS LLC
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1-18-cv-00621)
District Judge:  Honorable Gregory B. Williams
_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect,
Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B), or
Possible Summary Action Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
April 18, 2024
Before:  BIBAS, MATEY, and CHUNG, <u>Circuit Judges</u>

(Opinion filed: May 2, 2024)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Roland Anderson, proceeding pro se, appeals an order of the United States District Court for the District of Delaware denying his motions to alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure. We will summarily affirm the order.

Anderson filed a complaint against General Motors, LLC, in Delaware state court, alleging that he was owed retirement benefits under the company's pension plan. Anderson Compl., ECF No. 1-1. Following service of process, General Motors filed a notice of removal to the District of Delaware, because the questions presented by Anderson's petition were in part governed by a federal statute, the Employee Retirement Income Security Act. Notice of Removal, ECF No. 1 at 1-3. In 2019, the District Court granted the Defendant's motion for judgment on the pleadings because the statute of limitations had run and collateral estoppel precluded Anderson's claims. Ord. Granting Def. Motion for Judgment on Pleadings, ECF No. 31 at 5-8.

Since that time, Anderson has filed six motions for reconsideration, see ECF Nos. 33, 39, 51, 60, 61; all have been denied. See ECF Nos. 50, 55, 64. Anderson today appeals the District Court's October 25, 2023 order denying his fifth and sixth motions for reconsideration under Federal Rule of Civil Procedure 59(e). Notice of Appeal, ECF No. 1. In these motions, Anderson continues to challenge the District Court's statute-of-limitations ruling.

We have jurisdiction over the appeal pursuant to 28 U.S.C. § 1291.[1] We review the denial of a reconsideration motion for an abuse of discretion. See Max's Seafood Café ex rel. Lou-Ann, inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999). As a pro se appellant, Anderson is afforded a liberal construction of his pleadings. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam).

We affirm the District Court's order because Anderson's motion under Rule 59(e) was untimely. Motions under that Rule must be made within 28 days of the entry of judgment. Fed. R. Civ. P. 59(e).  As the District Court correctly recognized, Anderson filed his most-recent motions for reconsideration about three-and-a-half years after the Court granted judgment on the pleadings. Ord., ECF No. 64. And while Anderson's motions could be construed as arising under Rule 60(b), such a motion would likewise be untimely because the motions were not "made within a reasonable time." Rule 60(c)(1); see Moolenaar v. Gov't of V.I., 822 F.2d 1342, 1348 (3d Cir. 1987) (concluding that a Rule 60(b) motion made almost two years after the district court's initial judgment was not made within a reasonable time for the purposes of the Rule). Anderson has not asserted any unusual circumstances that might render his filing timely, and all arguments now raised by Anderson could have been raised on direct appeal of the original order. See generally Morris v. Horn, 187 F.3d 333, 343 (3d Cir. 1999).

---

[1] Although Anderson has had motions for reconsideration pending for most of the time since the District Court granted judgment on the pleadings, his motions for "*re-reconsideration*" did not "postpone the time for appeal" of the initial judgment. Turner v. Evers, 726 F.2d 112, 114 (3d Cir. 1984).

Under these circumstances, we discern no abuse of discretion in the District

Court's ruling.  Accordingly, we will affirm its judgment.[2]

---

[2] Anderson's motion for a stay of his appeal is denied.