**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 24-2468
_____

PETER SAUERS,
                              Appellant

v.

OAK PROPERTY MANAGEMENT LP; ASHLEY MANAGEMENT CO.; *COUNTY
BUILDERS, INC.; MIKE MEISTER; KEVIN RILEY

(*Amended Per Clerk Order of 8/28/24)
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civil Action No. 2:23-cv-05146)
District Judge:  Honorable Mark A. Kearney
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 7, 2025

Before: SHWARTZ, MONTGOMERY-REEVES, and SCIRICA, Circuit Judges

(Opinion filed: February 11, 2025)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Peter Sauers, proceeding pro se, appeals a post-judgment order of the District Court issued in his civil rights action. For the reasons that follow, we will affirm.

Sauers filed a complaint against Oak Property Management LP, Ashley Management Company, County Builders, Inc., and two individuals arising from the development of townhomes near his home. Sauers claimed violations of his constitutional rights and state law.[1] In an Order dated June 10, 2024, the District Court granted the defendants' motion to dismiss the complaint. The District Court explained in an accompanying opinion that res judicata barred Sauers' claims under the First, Fifth, and Fourteenth Amendments. It also ruled that he did not state a claim for relief under the Seventh Amendment. The District Court declined to exercise supplemental jurisdiction over Sauers' state law claims, which were dismissed without prejudice to his pursuing them in state court.

On June 27, 2024, Sauers filed a document titled "Motion for Extension of Time to Respond to Motion to Dismiss to MEMORANDUM KEARNEY, J. June 10, 2024, to Amend Complaint Rule 15." He asserted that the District Court erred in dismissing his complaint and presented arguments in support of his claims. The District Court denied the motion, stating that Sauers had already filed a response to the motion to dismiss, which it had considered before issuing its June 10 decision.

---

[1] This was Sauers' second federal complaint against these defendants. The first was dismissed because Sauers had not adequately alleged that the defendants were state actors for purposes of 42 U.S.C. § 1983. We affirmed that judgment. Sauers v. Oak Prop. Mgmt. LP, 849 F. App'x 378, 380-81 (3d Cir. 2021) (per curiam) (non-precedential).

On July 26, 2024, Sauers filed another document alleging error by the District Court and claiming that the defendants had committed fraud in state court. As relief, he asked the District Judge to send his case back to state court and order a state court judge to take certain action. On the same date, the District Court denied the requested relief. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. The scope of our review is limited to the District Court's July 26, 2024, post-judgment order. Sauers did not file a timely notice of appeal from the District Court's June 10, 2024, order (entered June 11, 2024) dismissing his complaint. Even if we were to construe his June 27, 2024, motion as a timely motion for reconsideration that tolled the time to appeal the dismissal order, see Fed. R. App. P. 4(a)(4), the District Court denied that motion in an order entered on June 28, 2024. Sauers did not file a timely notice of appeal from that order. While he argued in his July 26, 2024, filing that the District Court erred, he requested relief from the District Court. His filing does not evince an intent to appeal, and it is best construed as a motion pursuant to Federal Rule of Civil Procedure 60(b).[2] Sauers' notice of appeal, filed on August 7, 2024, is timely only as to the District Court's July 26, 2024, order. We review that order for abuse of discretion. See Cox v. Horn, 757 F.3d 113, 118 (3d Cir. 2014) (stating standard of review for denial of relief under Rule 60(b)).

Sauers does not present a clear argument on appeal challenging the District Court's denial of post-judgment relief. He reiterates assertions he made in his July 26

---

[2] This filing also cannot further extend the time to appeal the underlying order as a request for re-reconsideration. See Turner v. Evers, 726 F.2d 112, 114 (3d Cir. 1984).

3

filing that the District Court erred in dismissing his complaint without instructing him how to remedy its deficiencies.  He also appears to reiterate that there was fraud in state court.  Sauers, however, has not raised a question as to the District Court's dismissal order or shown any extraordinary circumstances warranting relief under Rule 60(b)(6).  See Cox, 757 F.3d at 120 (requiring such circumstances for relief under the catch-all provision of Rule 60(b)(6)).  He also has not shown that he qualifies for relief under any of the other provisions of Rule 60(b), including Rule 60(b)(3), which provides for relief based on fraud in the underlying action.  And, to the extent Sauers has not already pursued his state law claims in state court, the District Court's order does not preclude him from doing so.

Sauers also argues that he established that the defendants were state actors for purposes of bringing a claim under 42 U.S.C. § 1983.  Sauers did not raise this argument in his post-judgment motion.  Even if his argument were properly before us, it lacks merit because the District Court did not dismiss his complaint in this case for lack of state action.

Accordingly, we will affirm the judgment of the District Court.

4