**Lorna C. CLAYCOMB, Appellant**

v.

**PLAYTEX.**

No. 09–3620.

United States Court of Appeals, Third Circuit.

Submitted for Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 Dec. 3, 2009.

Opinion filed: Jan. 25, 2010.

Lorna C. Claycomb, Dover, DE, pro se.

Jason A. Cincilla, Esq., Donald E. Reid, Esq., Morris, Nichols, Arsht & Tunnell, Wilmington, DE, for Playtex.

Before McKEE, RENDELL and CHAGARES, Circuit Judges.

## OPINION

PER CURIAM.

Lorna Claycomb appeals pro se from a District Court order denying her motion to reopen a case that was decided more than two years ago. For substantially the same reasons, we will affirm.

On June 20, 2007, the District Court entered judgment granting Defendant–Appellee's motion for summary judgement on all claims. Appellant filed a request to reopen the case, which the District Court construed as a motion for reconsideration and denied it. Appellant filed a letter in this Court, which was construed as a motion for extension of time pursuant to Fed. R.App. P. 4(a)(6). This Court remanded the matter to the District Court, and on June 27, 2008, the District Court issued an order concluding that Appellant's letter could not meet the requirements of Rule 4(a)(6), and that Appellant was not entitled to an extension of time. On January 20, 2009, Appellant filed a notice of appeal,

which was dismissed as untimely filed.[1] Appellant then returned to the District Court to file another motion to reopen the case, which the District Court construed as a motion for reconsideration of its June 2007 order. The court denied Appellant's motion citing relevant case law standards. Appellant timely appealed.

"A judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *See Max's Seafood Cafe ex rel. Lou–Ann, Inc. v. Quinteros,* 176 F.3d 669, 678 (3d Cir.1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.,* 52 F.3d 1194, 1218 (3d Cir.1995)). Although Appellant alleges various difficulties with her mail, medical issues, and other unfortunate life matters, she has not shown that any of the grounds necessary for reconsideration apply. Her mere disagreement with the outcome of the District Court's opinion is not the proper basis for granting a motion for reconsideration. *Id.* As she does not raise any substantial questions on appeal, we will affirm the District Court's order.[2]

---

1. On the same date, Appellant also filed a motion for extension of time in the District Court, which was docketed as a motion to reopen the appeal time. The District Court denied the motion.

2. In her Notice of Appeal, Appellant states, "I did not work with Seafood Inc. or North River Inc." To clarify, these companies are not parties to this suit nor were they Appellant's employers; they are the case names relied on by this Court and the District Court to decide this instant matter.