CLD-052                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3282
_____

LORNA C. CLAYCOMB,
Appellant

v.

PLAYTEX
_____

Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 1:06-cv-00120)
District Judge:  Honorable Joseph J. Farnan, Jr.
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
November 24, 2010

Before:  RENDELL, FUENTES and SMITH, Circuit Judges

(Opinion filed: December 13, 2010)
_____

OPINION OF THE COURT
_____

PER CURIAM

Lorna Claycomb, proceeding pro se, appeals from the District Court's denial of

her latest attempt to reopen a case that was decided more than three years ago.  For the

reasons that follow, we will summarily affirm.

I.

In 2006, Claycomb filed an employment discrimination suit in the District Court against Playtex, her former employer. In June 2007, the District Court entered summary judgment in favor of Playtex and closed the case. Claycomb subsequently filed a motion to reopen, which the court construed as a motion for reconsideration and ultimately denied. Claycomb did not file her notice of appeal until more than 30 days later, but we remanded the matter so that the District Court could consider a filing that was construed as her request for an extension of time to appeal pursuant to Fed. R. App. P. 4(a)(6). In June 2008, the court denied that request. Claycomb did not appeal from that decision until January 2009; we dismissed that appeal as untimely.

In August 2009, Claycomb again moved to reopen her case. The District Court, construing her request as a motion for reconsideration of its June 2007 order, denied the motion. We affirmed that decision on appeal in January 2010. See Claycomb v. Playtex, 363 F. App'x 152, 152-53 (3d Cir. 2010) (per curiam). In May 2010, Claycomb filed yet another motion to reopen. On June 25, 2010, the District Court denied that motion. Less than two weeks later, Claycomb filed a "Motion to Request to see a Judge." In that one-page motion, she indicated that she had brought her documentary evidence to the District Court Clerk's office, and wanted to schedule her case for consideration. The District Court, construing the request as yet another motion to reopen her case, denied the motion on July 14, 2010. This appeal followed.

2

II.

Claycomb's notice of appeal does not make clear which District Court order(s) she seeks to challenge. To the extent she seeks to challenge the District Court's June 25, 2010 order, her appeal is untimely and, as a result, we lack jurisdiction to consider it.[1] See Fed. R. App. P. 4(a)(1)(A); Bowles v. Russell, 551 U.S. 205, 214 (2007) ("[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement."). To the extent, however, she seeks to challenge the District Court's July 14, 2010 order, her appeal is timely. Accordingly, our consideration of this appeal is limited to the latter order,[2] which we review for abuse of discretion. See Brown v. Philadelphia Hous. Auth., 350 F.3d 338, 342 (3d Cir. 2003).

Federal Rule of Civil Procedure 60(b) allows a court to grant relief from a final judgment if "applying [the judgment] prospectively is no longer equitable," or if there is "any other reason that justifies relief."[3] Fed. R. Civ. P. 60(b)(5), (6). A litigant seeking such relief must show "extraordinary circumstances." See Gonzalez v. Crosby, 545 U.S. 524, 535 (2005); Inmates of Allegheny County Jail v. Wecht, 754 F.2d 120, 127 (3d Cir.

---

[1] Claycomb's "Motion to Request to see a Judge" did not toll the time to appeal the District Court's June 25, 2010 order. See Turner v. Evers, 726 F.2d 112, 114 (3d Cir. 1984). Additionally, Claycomb has not sought an extension of time under Fed. R. App. P. 4(a)(6), nor is there any indication that such an extension would be warranted.

[2] We have jurisdiction to review this order pursuant to 28 U.S.C. § 1291.

[3] None of the other subsections of Rule 60(b) applies in this case because

3

1985). In this case, Claycomb's "Motion to Request to see a Judge" — her *fourth* attempt to reopen her case — failed to put forth any explanation as to why the District Court's grant of summary judgment should be disturbed, let alone show "extraordinary circumstances." Accordingly, the District Court did not abuse its discretion in denying her motion.

Because this appeal does not present a substantial question, we will summarily affirm the District Court's order. See 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.

---

(1) Claycomb filed the instant motion to reopen more than a year after the District Court's grant of summary judgment, and (2) that judgment is not void. See Fed. R. Civ. P. 60(b).