**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 11-2701

_____

BRUCE E. BALDINGER, Appellant

v.

ANTONIO FERRI; MATTEO PATISSO;
NATIONAL FRAUD CONSTABLE,
agent of THE NATIONAL FRAUD CONSTABLE

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3-10-cv-03122)
District Judge: Peter G. Sheridan

_____

Submitted Under Third Circuit LAR 34.1
April 20, 2012

Before: VANASKIE, BARRY, and CUDAHY,[*] *Circuit Judges*

(Filed: May 23, 2012)

_____

OPINION OF THE COURT

_____

VANASKIE, *Circuit Judge.*

_____

[*] Honorable Richard D. Cudahy, United States Court of Appeals for the Seventh
Circuit, sitting by designation.

Bruce Baldinger appeals the District Court's order dissolving a preliminary injunction that it previously entered against Mateo Patisso, contending that the District Court failed to make adequate findings of fact and conclusions of law in support of its order and that the District Court abused its discretion in dissolving the preliminary injunction *sua sponte*. We agree that the District Court made inadequate findings of fact and conclusions of law. Accordingly, we will vacate the District Court's order dissolving the preliminary injunction and remand this matter for further proceedings.

I.

As we write primarily for the parties, who are familiar with the facts and procedural history of this case, we set forth only those facts necessary to our analysis. On June 18, 2010, Bruce Baldinger, an attorney, sued Antonio Ferri, Mateo Patisso, and various other defendants for defamation *per se*, invasion of privacy, injurious falsehood, defamation, trade libel, tortious interference with business and economic advantage, and intentional and negligent infliction of emotional distress. The complaint alleges that Ferri filed a suit in the Eastern District of New York, and that Baldinger entered an appearance on behalf of the defendants in that suit. Ferri and his agent, Patisso, allegedly responded to Baldinger's representation of the defendants by publicly disseminating false and private information about Baldinger. The alleged false statements included representations that Baldinger committed various unethical and criminal activity, and that he was "likely to be disbarred." (A. 17.)

On September 9, 2010, the District Court entered a default judgment against Patisso, which, in relevant part, "permanently enjoined [him] from writing, printing,

2

sending, publishing, e-mailing, posting, corresponding, or otherwise disseminating any derogatory information regarding [Baldinger] or [Baldinger's] law firm regarding any of their personal or business finances, or alleged unethical or criminal activity." (A. 76-77.) The order also required Patisso "to remove any writing, printing, e-mail, posting, correspondence, or any other derogatory information regarding [Baldinger] or [Baldinger's] law firm regarding any of their personal or business finances, or alleged unethical or criminal activity." (A. 77.)

On February 8, 2011, Patisso moved to vacate the default judgment, which the District Court granted on February 28, 2011.[1] In vacating the default judgment, however, the District Court entered a preliminary injunction against Patisso identical in content to the prior permanent injunction.[2]

On April 12, 2011, Baldinger moved for the District Court to hold Patisso in contempt for sending an allegedly derogatory e-mail to Baldinger's office and to an out-of-state attorney. The District Court held a hearing, in part, on Baldinger's contempt motion on April 28, 2011, in which it indicated that it regarded Baldinger's action primarily as a defamation suit, and expressed concern that entering a preliminary injunction against Patisso was inappropriate in such an action. The District Court did not,

---

[1] Before Patisso sought to vacate the default judgment, Baldinger moved on September 23, 2010 and on January 11, 2011 for the District Court to hold Patisso in contempt for allegedly violating the permanent injunction. The District Court declined to grant either of these motions.

[2] The only substantive difference between the permanent injunction and the preliminary injunction was that the permanent injunction also applied to an entity known as the "National Fraud Constable." (A. 76.) The preliminary injunction applied only to Patisso.

however, dissolve the injunction at that time, instead stating that it would reconsider the preliminary injunction upon request and that it would conduct a hearing on the injunction before reaching a decision. On April 29, 2011, the District Court denied Baldinger's April 12, 2011 motion to hold Patisso in contempt.

On May 26, 2011, Baldinger filed an application for the entry of an order to show cause for criminal contempt against Patisso, asserting that Patisso violated the preliminary injunction by allegedly sending a derogatory document to one of his clients. On June 6, 2011, the District Court responded to Baldinger's application by dissolving the preliminary injunction *sua sponte*.

The June 6, 2011 order provides that "since [the time the District Court issued the preliminary injunction] . . . new facts and circumstances have arisen and reconsideration of the prior decision is appropriate." (A. 3.) The order further explains that "since entry of the February Order, the Court has held multiple hearings and conferences with the parties and has been apprised of many underlying issues and facts in the case; and the Court finds [Baldinger] can no longer meet the rigorous standard to obtain . . . injunctive relief." (A. 4.) Baldinger appealed, requesting that we vacate the District Court's June 6, 2011 order dissolving the preliminary injunction.

## II.

The District Court had jurisdiction under 28 U.S.C. § 1332, and we have jurisdiction under 28 U.S.C. § 1292(a)(1).[3] We review a district court's decision of

---

[3] Patisso argues that we lack jurisdiction under 28 U.S.C. § 1291 because the District Court's order is not final. Baldinger asserts jurisdiction, however, under 28

4

whether to dissolve an injunction for abuse-of-discretion. *See Secs. & Exch. Comm'n v. Warren*, 583 F.2d 115, 121 (3d Cir. 1978). We examine the district court's factual findings for clear error and review its legal conclusions *de novo*. *See Brown v. City of Pittsburgh*, 586 F.3d 263, 268 (3d Cir. 2009).

Baldinger contends primarily that the District Court erred in dissolving the preliminary injunction because the District Court failed to state its factual findings and legal conclusions pursuant to Fed. R. Civ. P. 52(a)(2). Alternatively, Baldinger argues that the District Court abused its discretion in dissolving the injunction *sua sponte*, without affording him the opportunity to object. Patisso responds that Baldinger waived his argument that the District Court violated Rule 52(a)(2) by failing to raise this issue in the District Court. He also asserts that the District Court did not abuse its discretion in dissolving the injunction.[4]

A.

Rule 52(a)(1) provides that "[i]n an action tried on the facts without a jury or with an advisory jury, the court must find the facts specially and state its conclusions of law separately." Rule 52(a)(2) essentially incorporates Rule 52(a)(1) by providing that "[i]n granting or refusing an interlocutory injunction, the court must similarly state the findings

U.S.C. § 1292(a)(1), which permits interlocutory review of orders "granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions." Because the District Court's order dissolved an injunction, we have jurisdiction.

[4] Patisso does not, however, provide any facts or analysis in support of this argument. His argument thus does not help us to understand the basis for the District Court's decision, as will be discussed further in Section II(B) *infra*.

5

and conclusions that support its action."[5] Findings are inadequate if they "are not sufficient for a clear understanding of the basis of the decision." *H. Prang Trucking Co. v. Local Union No. 469*, 613 F.2d 1235, 1238 (3d Cir. 1980) (quoting 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2577 (1st ed. 1971)). In this case, the District Court did not articulate any specific findings of fact or legal conclusions.

We have held, however, that Rule 52(a)(2)'s requirements "do[] not differ from any of the other trial court errors[,] which are waived when no objection is raised in the district court." *Danny Kresky Enters. Corp. v. Magid*, 716 F.2d 206, 215 (3d Cir. 1983); *see also Educ. Testing Servs. v. Katzman*, 793 F.2d 533, 537 (3d Cir. 1986) ("This court has held that there are situations in which a party's failure to object in the district court to the court's failure to meet Rule 52(a)'s requirement of specific findings of fact and conclusions of law will have waived that party's objection.") (citations omitted). Baldinger does not contest that he never raised the District Court's failure to make sufficient findings under Rule 52(a)(2) before the District Court. Given our discussion in Section II(B), *infra*, however, we need not decide whether, as Patisso argues, Baldinger has waived his Rule 52(a)(2) argument on appeal.

B.

---

[5] Although not raised by the parties, we recognize that Rule 52(a)(2) does not expressly apply to orders dissolving an existing injunction. We agree with the First Circuit, however, that dissolving an injunction "is the effective equivalent of a denial of a preliminary injunction, an event that unquestionably triggers Rule 52(a)'s requirement of findings." *Knapp Shoes, Inc. v. Sylvania Shoe Mfg. Corp.*, 15 F.3d 1222, 1228 (1st Cir. 1994) (emphasis omitted).

6

We find that the District Court's explanation for its order is inadequate for us to engage in any meaningful review, and therefore will vacate the District Court's order and remand. Even if a party waives the district court's compliance with Rule 52(a)(2), "we nonetheless must examine the findings to ascertain if they are adequate to explain sufficiently the basis for the injunction so that we can perform our review function." *Educ. Testing Servs.*, 793 F.2d at 537 (citing *Prof'l Plan Exam'rs, Inc. v. Lefante*, 750 F.2d 282, 289 (3d Cir. 1984)). If we determine that the findings are insufficient for us to review the district court's order, "we may vacate . . . and remand notwithstanding a party's waiver of its objection." *Id.*

In this instance, the District Court's order dissolving the injunction provides too little information for us to determine whether the District Court committed any legal error or abused its discretion. The District Court justifies dissolving the injunction primarily on the grounds that "new facts and circumstances have arisen and reconsideration of the prior decision is appropriate." (A. 3.) The District Court does not explain, however, what these new facts and circumstances are, or why they necessitate dissolving the injunction.

Although the transcript of the April 28, 2011 hearing suggests that the District Court was concerned that the preliminary injunction was improper because, in its view, Baldinger raised primarily a defamation claim, the District Court's statements from the April 28, 2011 hearing are vague and hypothetical. Moreover, the District Court did not dissolve the injunction at the April 28, 2011 hearing, instead stating that it would review the injunction upon request and that it would hold a hearing before reaching a decision.

7

We therefore believe that relying on the April 28, 2011 statements as explaining the June 6, 2011 decision would be overly speculative. Accordingly, because we cannot determine whether the District Court erred or abused its discretion on the record that we have before us, we will vacate the District Court's order and remand for further findings.[6]

III.

For the foregoing reasons, we will vacate the District Court's order and remand.

---

[6] Because the District Court's factual findings and legal conclusions are inadequate for us to assess whether the District Court erred or abused its discretion, we do not reach Baldinger's argument that the District Court abused its discretion in dissolving the injunction *sua sponte*.