**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1053
_____

BRUCE E. BALDINGER

v.

ANTONIO FERRI; MATTEO PATISSO;
NATIONAL FRAUD CONSTABLE
a/k/a The National Fraud Constable

Matteo Patisso,
Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3-10-cv-03122)
District Judge: Honorable Peter G. Sheridan
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 14, 2016

Before: AMBRO, KRAUSE and NYGAARD, Circuit Judges

(Opinion filed: December 20, 2016)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

In 2010, Bruce Baldinger, the plaintiff-appellee, brought a diversity action in the United States District Court for the District of New Jersey. Baldinger, an attorney, alleged that the defendants, including Matteo Patisso, disseminated false information and interfered with his law practice. Baldinger moved for default judgment. Following an evidentiary hearing, the District Court granted the motion, awarding more than one million dollars to Baldinger and imposing an injunction on Patisso. Patisso moved for reconsideration and filed a motion under Federal Rule of Civil Procedure 60(b). The District Court denied both motions, Patisso appealed, and we affirmed. Baldinger v. Ferri, 541 F. App'x 219, 222 (3d Cir. 2013) (not precedential).

Undeterred, Patisso continued to seek relief from the entry of judgment. As relevant here, on July 21, 2014, Patisso filed a motion under Rule 60(b) seeking to dismiss the complaint, to dissolve the judgment due to fraud upon the court, and to recuse Judge Sheridan. By order entered November 3, 2014, the District Court denied that motion on the merits and ordered that Patisso must submit a request and obtain approval prior to filing any new motions or applications. Patisso sought leave to file a motion for reconsideration. The District Court denied his request on November 19, 2014, providing a handwritten notation on the motion itself that "[t]his matter is nearly identical to a prior motion which I denied; and I ordered any subsequent filings must be pre-approved by this Court. Since it was not pre-approved, it is denied." (Dist. Ct. Doc. No. 320). Shortly thereafter, on December 3, 2014, Patisso submitted a letter, again requesting permission to file a motion for reconsideration. (Dist. Ct. Doc. No. 324). By order entered

2

December 3, 2014, the District Court denied the request, stating, "[a]s previously noted, Mr. Patisso continues to seek relief on matters that have been previously determined. This is another example of [the] same. As such, the request to review the above orders is denied." Patisso appealed.[1]

The District Court did not abuse its discretion in denying Patisso's December 3, 2014 request to file a motion for reconsideration. "The law of the case doctrine 'posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" See Farina v. Nokia Inc., 625 F.3d 97, 117 n.21 (3d Cir. 2010) (citation omitted); see also Skretvedt v. E.I. DuPont De Nemours, 372 F.3d 193, 203 n.13 (3d Cir. 2004) ("Under the mandate rule, a species of the law of the case doctrine, a trial court must comply strictly with the mandate directed to it by the reviewing court." (internal quotation marks omitted)). Here, Patisso's attempt to have a motion for reconsideration heard was essentially indistinguishable from prior requests for relief, which the District Court had denied and which we had affirmed. While there are exceptions to the law of the case doctrine, none of those "extraordinary

---

[1] Pursuant to 28 U.S.C. § 1291, we have jurisdiction over the December 3, 2014 order. See Turner v. Evers, 726 F.2d 112, 114 (3d Cir. 1984) (explaining that while a timely filed motion for reconsideration tolls the period for filing an appeal, a motion to reconsider the denial of an earlier motion for reconsideration – a motion for "re-reconsideration" – does not extend the appellate period). We review for abuse of discretion an order denying a motion for leave to file a motion for reconsideration. See Max's Seafood Café v. Quinteros, 176 F.3d 669, 673, 677 (3d Cir. 1999).

3

circumstances" is applicable here. See Schneyder v. Smith, 653 F.3d 313, 331-32 (3d Cir. 2011).

In addition, we agree with the District Court to the extent that it held that Patisso failed to meet the requirements for obtaining reconsideration. A party seeking reconsideration must demonstrate an intervening change in the controlling law, the availability of new evidence that was not previously available, or the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café, 176 F.3d at 677. Patisso did not meet any of these requirements. Instead, it appears that he simply seeks to re-litigate arguments that the District Court has already rejected.[2] See Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5 (2008) (stating that a motion for reconsideration may not be used to relitigate old matters or to present evidence that could have been offered earlier).

For instance, we note that Patisso alleges that the claims brought against him were barred because they had been previously litigated in a case filed in the United States District Court for the Eastern District of New York. Appellant's Br., p. 14-15. But, as the District Court explained in denying the Rule 60(b) motion on November 3, 2014, the issues and parties in the two cases are different. In particular, the New York case was

---

[2] We note that Patisso does not challenge the District Court's order to the extent that it was based on the pre-filing injunction. See Chipps v. U.S. Dist. Ct. for Middle Dist. of Pa., 882 F.2d 72, 73 (3d Cir. 1989) (stating that District Courts may issue an injunction to require litigants who have engaged in abusive, groundless, and vexatious litigation to obtain approval of the court before filing further complaints); Kost v. Kozakiewicz, 1

4

brought against defendants who were represented by Baldinger, not against Baldinger himself.

Patisso also sought reconsideration of Judge Sheridan's rejection of his request for recusal. In his brief, Patisso contends that Judge Sheridan's recusal is "mandated" because of alleged ex parte communications with Baldinger. Appellant's Br., p. 8-11, 16-17. According to Patisso, Judge Sheridan improperly informed Baldinger that "non-party witnesses as to damages could appear by telephone." Id. at 16. This specific argument, however, was not raised in Patisso's Rule 60(b) motion. See Kost, 1 F.3d at 182. In any event, Patisso's claim appears to be based on a disagreement with the District Court's legal rulings, which is not an adequate basis for recusal. See Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000).

For the foregoing reasons, we will affirm the District Court's judgment.

---

F.3d 176, 182 (3d Cir. 1993) (noting that issues not raised on appeal are deemed abandoned and waived).