ALD-042                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3445
_____

AUGUSTUS HEBREW EVANS, JR.,
                                                Appellant

v.

SEAFORD POLICE DEPARTMENT;
SGT. THOMAS LEE, In his individual and official capacity;
CAPTAIN GARY FLOOD, In his individual and official capacity;
MAJOR JANE DOE, In her individual and official capacity;
MAJOR JOHN DOE, In his individual and official capacity;
MAYOR ED BUTLER
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 11-cv-00195)
District Judge:  Honorable Leonard P. Stark
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 15, 2013

Before: RENDELL, FISHER and GREENAWAY, JR., Circuit Judges

(Opinion filed: December 3, 2013)
_____

O P I N I O N
_____

PER CURIAM

Augustus Evans, Jr. appeals the District Court's order dismissing his civil rights complaint. For the reasons below, we will summarily affirm the District Court's judgment.

In March 2011, Evans filed a civil rights complaint alleging that the defendants had abandoned his inebriated father who was subsequently struck by a car and killed. Evans had brought an earlier complaint in state court raising claims based on this same event. The state courts dismissed the complaint in part and granted summary judgment on the remaining claims in the defendants' favor.

On April 3, 2012, the District Court concluded that under the Rooker-Feldman doctrine, it lacked jurisdiction over the complaint to the extent that Evans sought to invalidate the state courts' judgment. See D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). It also concluded that the claims were barred by claim and issue preclusion and the statute of limitations. It determined that amendment of the complaint would be futile.

Evans filed a timely motion pursuant to Fed. R. Civ. P. 60(b), in which he argued that the state courts refused to apply the law in the death of an African-American against a white police officer. On June 4, 2012, the District Court denied the motion because Evans had not shown extraordinary circumstances.

On June 19, 2012, Evans filed a document entitled "Rule 9 Special Pleading Request of Rehearing." He repeated his argument that the state court judge denied "equal legal review" because the defendant was a white police officer and the son of a politician.

2

On August 28, 2012, Evans filed a motion for an extension of time to appeal the June 4, 2012 order. On September 7, 2012, the District Court construed the June 19th motion as a motion for reconsideration and denied it.

On February 28, 2013, Evans filed a motion to reopen the case. On July 26, 2013, the District Court denied the motion to reopen the case but granted the still-pending motion for an extension of time to appeal the June 4, 2012 order. On August 2, 2013, Evans filed a notice of appeal from the District Court's April 3, 2012 and June 4, 2012 orders.

We lack jurisdiction over those two orders.[1] Because Evans's Rule 60(b) motion was filed within twenty-eight days, it tolled the time to appeal the April 3rd order until it was decided on June 4, 2012. Fed. R. App. P. 4(a)(4)(A)(vi). However, Evans's June 19, 2012 motion for reconsideration did not toll the time to appeal the June 4, 2012 order. Where a motion for reconsideration is made by a party who lost an earlier Rule 4(a)(4) motion and the factual and legal issues are similar, the motion does not postpone the time to appeal. Turner v. Evers, 726 F.2d 112, 114 (3d Cir. 1984).

Thus, the time to file a notice of appeal from the April 3rd and June 4th orders expired thirty days later on July 5, 2012. When Evans filed a motion for an extension of time to file a notice of appeal from the June 4, 2012 order on August 28, 2012, it was not filed within thirty days after the time to appeal had expired, i.e., by Monday, August 6, 2012. See Fed. R. App. P. 4(a)(5)(A)(i). Thus, the time to appeal could not be extended.

---

[1] If we had jurisdiction over those orders, we would summarily affirm for the reasons given by the District Court.

3

Construing Evans's notice of appeal liberally, we have jurisdiction over the District Court's July 26, 2012 order denying his motion to reopen. In that motion, Evans argued that the Supreme Court's decision in <u>Martinez v. Ryan</u>, 132 S. Ct. 1309 (2012), allowed him to overcome the untimeliness of his complaint because he did not have counsel in state court. In <u>Martinez</u>, the Supreme Court held that ineffective assistance of counsel in a state initial-review collateral proceeding can constitute cause to excuse the default of an ineffective assistance of trial counsel claim in a petition filed pursuant to 28 U.S.C. § 2254. <u>Martinez</u>, 132 S. Ct. at 1315. <u>Martinez</u> is not applicable to this matter which involves a civil rights complaint, and the District Court did not abuse its discretion in denying the motion to reopen.

For the above reasons, we will summarily affirm the District Court's order. Appellant's motions for the appointment of counsel are denied.