**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2144
_____

JEAN COULTER,
                              Appellant

v.

ALEXANDER H. LINDSAY, JR.; LINDSAY LAW FIRM;
JOSEPH VICTOR CHARLTON; PATRICIA LINDSAY
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2-15-cv-00289)
District Judge:  Honorable Cathy Bissoon
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 15, 2015
Before:  FUENTES, VANASKIE and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Filed: November 18, 2015)
_____

OPINION*
_____

PER CURIAM

        Jean Coulter appeals orders of the United States District Court for the Western

District of Pennsylvania, which dismissed her complaint as violative of a previously-

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

entered pre-filing injunction, and which denied her post-judgment motions. We will affirm the District Court's judgment.

## I.

In March of this year, Jean Coulter filed a complaint in the District Court against Defendants Alexander H. Lindsay, Jr., the Lindsay Law Firm, Joseph Victor Charlton, and Patricia Lindsay. On March 6, 2015, the District Court dismissed the complaint with prejudice, finding that it was violative of the Court's December 18, 2012 Order, filed in Civil Action Nos. 12-1050 and 12-1241, designating Coulter as a vexatious litigant. Coulter filed a timely motion for reconsideration, which the District Court denied on March 25, 2015. Coulter filed an "Emergency Motion for Recusal and Motion for Special Relief" ("recusal motion"), which the District Court denied by text order on April 2, 2015, and a "Motion to Amend the Findings—Pursuant to Rule 52" ("motion to amend"), which the District Court denied by text order on April 10. Coulter filed a notice of appeal on Monday, May 4, 2015.

We have jurisdiction to consider that appeal pursuant to 28 U.S.C. § 1291, but the scope of our review is limited.[1] Coulter's appeal is timely as to two of the District Court's orders: the one denying her recusal motion and the one denying the motion to amend. See Fed. R. App. P. 4(a)(1); Fed. R. Civ. P. Rule 6(a)(1)(C). Coulter's notice of appeal could be effective to appeal the earlier orders only if one of her post-decision

---

[1] Although Appellees do not contest our jurisdiction to consider all of the orders that Coulter seeks to appeal, we have the obligation to sua sponte consider our jurisdiction. See United States v. Scarfo, 263 F.3d 80, 87 (3d Cir. 2001) ("[C]onsent does not confer appellate jurisdiction.").

motions tolled the time to appeal.  See Fed. R. App. P. 4(a)(4).  Neither the motion to recuse nor the motion to amend tolls the time to appeal.

A motion to recuse is not one of those motions listed in Rule 4(a)(4) of the Federal Rules of Appellate Procedure as the type of motion that tolls the time to appeal from the initial judgment.  See Turner v. Evers, 726 F.2d 112, 114 (3d Cir. 1984).  And Coulter's motion to amend, while purporting to be one of those tolling motions, see Rule 4(a)(4) (time to appeal tolled by timely filing of motion "to amend or make additional factual findings under [Fed. R. Civ. P.] Rule 52(b)"), is in reality another motion asking the District Court to reconsider its March 6, 2015 decision.  The motion asks the District Court to revise its "facts" and argues that the District Court was mistaken about what it deemed to be part of the "public record."  But the District Court's March 6 decision does not include "findings of fact," and it does not rely on a consideration of what is a matter of "public record" in Pennsylvania.  Instead, that decision considers the allegations of Coulter's complaint and whether the complaint runs afoul of the District Court's December 18, 2012 Order.  Coulter's motion to amend is an attempt to have the Court reconsider its determination that the complaint is barred as vexatious.[2]  However, a second motion to reconsider is not a tolling motion listed in Rule 4(a)(4). See Turner, 726 F.3d at 114; Aybar v. Crispin-Reyes, 118 F.3d 10, 14 (1st Cir. 1997); see also

---

[2] The motion might also be characterized as a grossly untimely attempt to challenge the District Court's December 18, 2012 Order, which did mention the phrase "public record." But Coulter had the opportunity to challenge that order in earlier appeals, and in each appeal, we summarily affirmed the District Court's judgment. See Coulter v. Ramsden, C.A. No. 13-1077, and Coulter v. Mahood, C.A. No. 13-1078, (order entered Aug. 1, 2013, petition for rehearing and for rehearing en banc denied Oct. 23, 2013).

Ahmed v. Dragovich, 297 F.3d 201, 208 (3d Cir. 2002) (appellate court is free to recharacterize motion to match the substance of the relief sought).  We thus have jurisdiction to consider only the District Court decisions denying the motion to recuse and the second motion for reconsideration (what Coulter termed a motion "to amend").

II.

Our review of both the District Court's denial of the second motion for reconsideration and the motion for recusal is for abuse of discretion.  See Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999) (motion for reconsideration); Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000) (motion for recusal).  Motions for reconsideration are appropriate only to rectify plain errors of law or to offer newly discovered evidence, and they may not be used to relitigate old matters or to present evidence that could have been offered earlier. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985); Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5 (2008).  Coulter's motion clearly does not meet these requirements.  In fact, the motion itself acknowledges that in previous cases she had made "strenuous objections" to the District Court's use of certain facts in the public record, and that she had argued in those cases that the records should have been under seal and were therefore not "public."  As Coulter was attempting to relitigate issues decided in a previous case, the District Court did not abuse its discretion when it declined to grant Coulter's motion.

As for the motion to recuse, Coulter's allegations of impartiality amount to nothing more than dissatisfaction with Judge Bissoon's legal rulings.  See Securacomm

4

Consulting, 224 F.3d at 278 ("We have repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal, and we reiterate that principle here.") (citation omitted). The District Court thus did not abuse its discretion when it denied the motion to recuse.[3]

For the foregoing reasons, we will affirm the District Court's judgment.

---

[3] Coulter's recusal motion also included a motion for "special relief," seeking to have the District Court seal an "adoption record" that she alleges is part of the District Court record in previous cases. As this is another untimely attempt to relitigate issues decided in prior cases, the District Court did not abuse its discretion in denying the motion.